United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILDFLOWER AESTHETICS AND WELLNESS CLINIC, PLLC,

Plaintiff,

v.

CUTERA INC,

Defendant.

Case No. 26-cv-06224-TSH

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On August 12, 2024, Plaintiff Wildflower Aesthetics and Wellness Clinic, PLLC ("Wildflower") filed suit against Defendant Cutera Inc. ("Cutera"), alleging two claims: (1) Fraudulent Inducement; and (2) Violations of the Texas Deceptive Trade Practices Act. Compl. at 5–6 (ECF No. 1).[1] On September 24, 2024, Wildflower filed the operative First Amended Complaint, alleging two claims: (1) Fraudulent Inducement; and (2) Violations of the Texas Deceptive Trade Practices Act or alternatively, California Unfair Competition Law. ECF No. 9 at 5–8 ("FAC"). Wildflower asserts that the Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. FAC at 2.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v.*

[1] The case originated in the Western District of Texas and was transferred to the Northern District of California on June 8, 2026. ECF Nos. 1, 32.

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

Here, there is no federal question jurisdiction because Wildflower only brings claims under state law. *See* FAC at 5–8. In the FAC, Wildflower avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 2. Wildflower alleges that it "is a Texas entity with its principal place of business in San Antonio, Bexar County, Texas." *Id.* at 1. Wildflower further alleges that Cutera is a Delaware corporation with a principal place of business in California and that the parties "are citizens of different states." *Id.* at 1–2.

As the party asserting diversity jurisdiction, Wildflower bears the burden of proving that diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No. 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up); *see also Horowitz v. Gibby*, No. 8:23-cv-01086-FWS-JDE, 2023 WL 8079054, at *3 (C.D. Cal. Nov. 21, 2023) ("To allege the citizenship of Defendant Gibby Law Firm PLLC, Defendants must allege the citizenship of each of its members."); *Folgar v. McCully & Gardner PLLC*, No. 2:22-cv-01628-JHC, 2022 WL 17904086, at *1 (W.D. Wash. Dec. 23, 2022) (applying citizenship standard for LLC to PLLC). As such, Wildflower's citizenship

United States District Court
Northern District of California

depends on the citizenship of its members and owners. However, Wildflower has failed to include any allegations as to the citizenship of its members and owners.

Accordingly, Wildflower is **ORDERED TO SHOW CAUSE** as to the citizenship of any members or owners of Wildflower Aesthetics and Wellness Clinic, PLLC. Wildflower shall file a written response to this Order by August 14, 2026. Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 7, 2026

THOMAS S. HIXSON
United States Magistrate Judge