United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILDFLOWER AESTHETICS AND WELLNESS CLINIC, PLLC,

Plaintiff,

v.

CUTERA INC,

Defendant.

Case No. 26-cv-06224-TSH

**ORDER DISCHARGING SHOW CAUSE ORDER AND INVITING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

On August 12, 2024, Plaintiff Wildflower Aesthetics and Wellness Clinic, PLLC filed suit against Defendant Cutera Inc., alleging two claims: (1) Fraudulent Inducement; and (2) Violations of the Texas Deceptive Trade Practices Act. Compl. at 5–6 (ECF No. 1).[1] On September 24, 2024, Wildflower filed the operative First Amended Complaint, alleging two claims: (1) Fraudulent Inducement; and (2) Violations of the Texas Deceptive Trade Practices Act or alternatively, California Unfair Competition Law. ECF No. 9 at 5–8 ("FAC"). Wildflower asserts that the Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. FAC at 2. Wildflower alleges that it "is a Texas entity with its principal place of business in San Antonio, Bexar County, Texas." *Id.* at 1. Wildflower further alleges that Cutera is a Delaware corporation with a principal place of business in California and that the parties "are citizens of different states." *Id.* at 1–2. However, because Wildflower failed to include any allegations as to the citizenship of its members and owners, the Court issued an Order to Show

[1] The case originated in the Western District of Texas and was transferred to the Northern District of California on June 8, 2026. ECF Nos. 1, 32.

Cause on August 7, 2026, ordering it to provide information regarding the citizenship of any members or owners. ECF No. 44.

On August 12, 2026, Wildflower responded to the OSC, stating its two owner/members, Dr. Jami Barnard and Dr. Kathryn Holloway, are both are residents and citizens of the State of Texas. ECF No. 45. Having reviewed Wildflower's response, the Court is satisfied that it possesses jurisdiction over this matter based on diversity of citizenship. Accordingly, the Court **DISCHARGES** the show cause order.

However, the Ninth Circuit has held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted). And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because Wildflower does not allege the citizenship of its members in the FAC, it does not allege facts establishing that complete diversity exists between the parties. While Wildflower included information about the citizenship of its members in response to the Court's OSC, the Court cannot take judicial notice of that filing for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174. Therefore, as in *Rosenwald*, the Court invites Wildflower to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177; *see also Emeryville Redevelopment Agency v. Clear Channel Outdoor*, 2006 WL 1390561, at *3 (N.D. Cal. May 22, 2006) (explaining district court has discretion to grant leave to amend to allow parties to clarify defective allegations).

Accordingly, Wildflower may file a second amended complaint by August 21, 2026, to cure its defective allegations of jurisdiction. Wildflower shall only amend its allegations of jurisdiction; the Court does not grant Wildflower leave to amend any other allegations in the FAC.

Defendant Cutera, Inc. shall file its answer by September 4, 2026.

**IT IS SO ORDERED.**

Dated: August 14, 2026

THOMAS S. HIXSON
United States Magistrate Judge